UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICK ELLIS,

     Plaintiff,

   -against-

KYOUNG KIM, et al.,

     Defendants.

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

23-CV-5309 (PMH)

PHILIP M. HALPERN, United States District Judge:

  Plaintiff, who currently is incarcerated at the Federal Correctional Institution, Green Haven, New York, commenced this action in June 2023, alleging that Defendants violated his federal constitutional rights. On April 1, 2025, Plaintiff's application requesting that the Court appoint *pro bono* counsel was docketed. (Docs. 52-54). Plaintiff requests the appointment of *pro bono* counsel at this juncture because, among other things, he "suffers from a cognitive impairment," he "does not possess the level skilled practice as a licenses attorney," and he "suffers from various health ailments." (Doc. 54 at 2).

  The Second Circuit Court of Appeals, in *Hodge v. Police Officers*, set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d 58 (2d Cir. 1986). Applying the *Hodge* factors, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Id.* at 61-62. The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Id.* Though Plaintiff asserts that he does not possess legal training, "lack of legal knowledge, without more, does

not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-03157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renewal later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED:

Dated:    White Plains, New York
          April 2, 2025

_____
PHILIP M. HALPERN
United States District Judge