UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERICK ELLIS,

                Plaintiff,

v.

                                       **ORDER**

KYOUNG KIM, et al.,

                                       23-CV-05309 (PMH)

                Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who is proceeding *pro se*, commenced this action against Defendants on June 21, 2023. (Doc. 1). On April 3, 2025, Plaintiff's motion "compelling discovery" pursuant to Federal Rule of Civil Procedure 37 was docketed. (Docs. 56-57). On April 4, 2025, Defendants filed a letter outlining the existing discovery disputes between the parties and responding to Plaintiff's motion to compel. (Doc. 60).

      The Court has reviewed the parties' submissions, waives any premotion conference requirement, and deems the motion fully submitted. The Court hereby makes the following rulings:

      First, Plaintiff seeks the production of the "names of correctional personnel participating in the facility lock down search of C-Block wherein plaintiff was then-housed" on April 29, 2021. (Doc. 57 ¶ 8). Defendants represent that their "Rule 26 Initial Disclosures included relevant logbooks for April 29, 2021," including the names of personnel present on April 29, 2021. (Doc. 60 at 1-2). Defendants further represent that they "will review the logs and provide plaintiff with the names of all identified personnel, and if any additional information becomes available, will provide it to plaintiff." (*Id.* at 2). Thus, the request is granted as unopposed, and Defendants are directed to produce all identified personnel from the relevant logbooks for April 29, 2021 to Plaintiff in accordance with their representation. (*Id.*).

      Second, Plaintiff seeks the production of "institutional records demonstrating plaintiff was

approved for and received an outside medical trip for Hemorrhoidectomy Surgery." (Doc. 57 ¶ 8). Defendants represent that they made "[a] request for any trip log or authorization" and that they "will provide such documentation when received." (Doc. 60 at 2). The request is granted as unopposed, and Defendants are directed to produce such records to Plaintiff upon their receipt of same.

Finally, Plaintiff seeks the production "Medical Documentation instructing plaintiff to avoid heavy lifting subsequent Hemorrhoidectomy Surgery, including and not limited to body cam surveillance audio footage for the date of April 29th, 2021." (Doc. 57 ¶ 8; *see also id.* ¶ 15). Defendants represent that "[u]pon receipt of a HIPAA authorization, defense will provide plaintiff's medical records, including any documentation regarding limitations on plaintiff's activities." (Doc. 60 at 2). Defendants also represent they have "been informed that there is no body cam surveillance audio footage for April 29, 2021, responsive to the demand." (*Id.*). Accordingly, the request is granted as unopposed with respect to the medical records, and Defendants are directed to produce those records to Plaintiff upon their receipt of same. Plaintiff's request is denied with respect to the body cam surveillance audio footage for the date of April 29, 2021.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff and terminate the motion sequence pending at Doc. 56 and Doc. 60.

Dated: White Plains, New York
      April 8, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge