UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICK ELLIS,

                                Plaintiff(s),

              -against-

DOCTOR KIM, et al.,

                                Defendant(s).

**ORDER GRANTING
PRO BONO COUNSEL**

23-CV-05309 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance for

Plaintiff Erick Ellis in this matter. Counsel will file a Notice of Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent

any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil

cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police

Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding

whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a

litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to

"appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.

*Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover,

courts do not have funds to pay counsel in civil matters. Courts must therefore request the services

of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly

deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* ("IFP"), which the Court granted. (*See* Order dated June 23, 2023, Doc. 4). Plaintiff therefore qualifies as indigent.

In the Complaint (Doc. 1), Plaintiff asserts claims under the Eighth Amendment, alleging that Defendant Correctional Officer Boyd was deliberately indifferent to his serious medical needs. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. Pretrial materials were filed in this matter on December 15, 2025, and Plaintiff's deliberate indifference claims are proceeding to trial. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application, given that certain factual issues turn on credibility, and a trained attorney will be in a better position than Plaintiff to present the case to a jury. In this case,

2

representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's applications for the Court to request counsel (Docs. 9, 53) are granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    December 18, 2025
          White Plains, New York

_____
HON. PHILIP M. HALPERN
United States District Judge

3